UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**
DISTRICT COURT OF GUAM
APR 25 2007
MARY L.M. MORAN
CLERK OF COURT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>V.<br><br>ISARAEL DUARTE-ROSAS,<br><br>Defendant - Appellant. | No. 05-16664<br>D.C. No. CV-04-00021-DOC<br><br>**JUDGMENT** |

Appeal from the United States District Court for the District Of Guam (Hagatna).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District Of Guam (Hagatna) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **REVERSED in part, REMANDED.**

Filed and entered 02/20/07

A TRUE COPY 4/16/07
ATTEST
CATHY A. CATTERSON
Clerk of Court
by
Deputy Clerk

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 20 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 05-16664 |
|---|---|
| Plaintiff - Appellee, | D.C. Nos. CV-04-00021-DOC |
| v. | CR-98-00219-DOC |
| ISARAEL DUARTE-ROSAS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Guam
David O. Carter, District Judge, Presiding

Argued and Submitted November 13, 2006
Honolulu, Hawaii

Before: TROTT, WARDLAW, and W. FLETCHER, Circuit Judges.

Isarael Duarte-Rosas appeals the district court's denial of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Duarte contends that the factual basis in his plea agreement, that he sent heroin to Guam via U.S. mail and traveled over international waters on a direct flight from California to Guam to receive

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

payment for previous shipments, does not constitute conspiracy to import heroin under 21 U.S.C. § 952(a). He explains that *United States v. Cabaccang*, 332 F.3d 622, 626-27 (9th Cir. 2003) (en banc), which was decided after Duarte was sentenced, held that traveling over international waters was insufficient for the "place outside" the United States requirement of importation. The district court denied Duarte's motion on two independent grounds: (1) Duarte's "plea agreement expressly waived his right to collaterally attack his sentence," and (2) Duarte "procedurally defaulted his claim" by failing to prove either cause and prejudice or actual innocence. We have jurisdiction to review his motion pursuant to 28 U.S.C. § 2253(a), and we reverse.

The district court raised sua sponte the argument that Duarte waived his right to collaterally attack his conviction after the government failed to raise that affirmative defense in its response to Duarte's § 2255 motion. Whether a court may raise a waiver defense sua sponte or the government waives its waiver defense when it fails to assert it properly will be considered in *United States v. Castillo*, 464 F.3d 988 (9th Cir. 2006), scheduled for rehearing en banc on March 21, 2007. Therefore, we decline to consider that question now.

Duarte's plea agreement, however, expressly waived only the right to collaterally attack his conviction. Duarte preserved the right to collaterally attack

his sentence. *See United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) ("A plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly."). A sentence may be challenged independent of the conviction. *United States v. Barron*, 172 F.3d 1153, 1158 (9th Cir. 1999) (en banc) ("As a practical matter, the guilty plea to criminal acts can remain in force even as the sentence imposed upon an innocent act is set aside."). When the prisoner "should not have been convicted of th[e] crime," then neither the conviction nor the sentence is "authorized by law." *Id.* at 1159. Duarte's counsel conceded at oral argument that while Duarte may be eligible for release from incarceration, his conviction would remain.

We agree with the district court that Duarte, who did not appeal his conviction or sentence, fails to demonstrate cause and prejudice. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (When a defendant fails to appeal a claim, he may collaterally attack that claim if he first demonstrates either cause and prejudice or actual innocence). Instead Duarte argues that because of the change in the interpretation of his statute of conviction he is actually innocent.

The district court erred by concluding that Duarte did not prove actual innocence. The record is inconclusive on this point. The only evidence of importation from another country was Duarte's admission in his plea agreement

3

Case 1:98-cr-00219 Document 61-2 Filed 04/25/2007 Page 3 of 5

that he conspired to import heroin "from California and elsewhere." The district court did not hold an evidentiary hearing to elucidate the meaning of "elsewhere." *United States v. Benboe*, 157 F.3d 1181, 1184 (9th Cir. 1998) (quoting *Bousley*, 523 U.S. at 623) ("Actual innocence can be established if the petitioner demonstrates that 'it is more likely than not that no reasonable juror would have convicted him.'"); *see also Latorre v. United States*, 193 F.3d 1035, 1037, 1041 (8th Cir. 1999) (remanding for an evidentiary hearing on petitioner's claim of actual innocence under *Bousley*, even though petitioner had explicitly waived his collateral-attack rights).

The district court also erred by requiring Duarte to show actual innocence of other charges the government could have brought. Requiring Duarte to show actual innocence of all possible crimes that the government might have been able to include in an indictment is more than the law requires. *See Benboe*, 157 F.3d at 1184 (Petitioner must "show that he is actually innocent not only of the [] charge [of conviction], but also of any more serious charges dismissed pursuant to the plea agreement.").

For the above reasons, we reverse and remand Duarte's § 2255 motion to the district court. Because Duarte has already served four years based on conduct that may not fall within the scope of § 952, an evidentiary hearing should be held

4

as soon as practicable. If Duarte proves his actual innocence of conspiracy to import heroin under § 952, then the district court shall order his immediate release from prison. After the mandate in *Castillo* issues, the district court should also decide whether Duarte may challenge his conviction.

**REVERSED in part. REMANDED.**

A TRUE COPY
ATTEST  4/16/07
CATHY A. CATTERSON
Clerk of Court
by: Deputy Clerk