# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | Civil Case No. 04-00021 |
| --- | --- |
| Plaintiff-Respondent, | Criminal Case No. 98-00219 |
| vs. | |
| ISARAEL DUARTE-ROSAS, | **ORDER** |
| Defendant-Petitioner. | |

This matter is before the court on remand from the Ninth Circuit Court of Appeals for an evidentiary hearing regarding the "actual innocence" of Petitioner Isarael Duarte-Rosas.

**I.   BACKGROUND**

On September 25, 1998, Petitioner Isarael Duarte-Rosas ("Petitioner") pled guilty to one count of Conspiracy to Import Heroin, in violation of 21 U.S.C. §§ 952(a) and § 963. *See* Transcript, Docket No. 13. At the time of his plea, Petitioner stipulated to facts contained in his plea agreement that "beginning in 1994 and continuing to September 1998, [he] participated in a conspiracy with others to import heroin from California *and elsewhere* into Guam for purposes of distribution and profit." *See* Plea Agreement, ¶ 7c, Docket No. 9 (emphasis added). During the conspiracy, Petitioner met with co-conspirators in Guam and arranged to send heroin to Guam via the United States Postal Service. *Id.* On September 22, 1998, Petitioner met with co-conspirators at the Mai'ana Hotel in Tamuning in order to receive payment from previous heroin shipments. *See id.* ¶ 7d, Docket No. 9. Petitioner was arrested "after discussing with others future prices and shipments of heroin into Guam." *Id.*

On May 8, 2003, the court sentenced Petitioner to ninety-seven (97) months imprisonment. *See* Docket No. 29. The judgment of conviction was entered on the docket on May 14, 2003. *See* Docket No. 30. Petitioner did not file a notice of appeal within ten (10) days after entry of judgment, and his conviction became final on May 24, 2003.[1] *See* FED R. APP. P. 4(b); *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2000) (holding a conviction is final if a notice of appeal is not filed within ten days). On April 13, 2004, Petitioner, incarcerated and through his counsel Attorney Howard Trapp, brought a motion pursuant to 28 U.S.C. § 2255, requesting that the Court vacate his conviction and sentence in light of *United States v. Cabaccang*, 332 F. 3d 622 (9th Cir. 2003) (en banc). *See* Docket No. 32. In responding to the motion, the Government did not argue that Petitioner's motion was precluded by the plea agreement. *See* note 1, *supra*.

On July 13, 2005, this court (Judge Carter) denied Petitioner's request without a hearing. *See* Order, Docket No. 43. Petitioner appealed this Order. *See* Docket Nos. 44 and 45. Due to Petitioner's failure to appeal from the conviction or sentence, collateral review is strictly limited; such review is allowed only if Petitioner demonstrates cause and prejudice, or actual innocence. *See Bousley v. United States*, 523 U.S.614, 622 (1998)

On appeal, the Ninth Circuit agreed that Petitioner failed to demonstrate cause and prejudice. *See* Mem., Docket No. 61. However, the Ninth Circuit further determined that the record was "inconclusive" as to whether Petitioner had proven actual innocence, and held that the court had erred in finding that Petitioner did not prove actual innocence. *Id.* p. 3, Docket No. 61. The Ninth Circuit acknowledged that Petitioner's argument regarding actual innocence arose from a change in law due to *Cabaccang*, where the Ninth Circuit held that travelling over international waters was insufficient for the "place outside" the United States requirement of importation. *See id.* pp. 3-4. The Ninth Circuit recognized that the only evidence in the record in this case regarding importation from another country was Petitioner's admission in the plea agreement that he conspired to import heroin "from California and elsewhere." *Id.* Moreover, "[t]he court did

---

[1] As part of the plea agreement, Petitioner "agree[d] to waive any right to appeal or to collaterally attack" the conviction. Plea Agreement, ¶ 8, Docket No. 9. However, he "reserve[d] the right to appeal the sentence actually imposed." *Id.*

not hold an evidentiary hearing to elucidate the meaning of 'elsewhere.'" *Id.* p. 4. The matter was reversed and remanded to this court to hold an evidentiary hearing to afford Petitioner an opportunity to prove his "actual innocence." *Id.* The hearing was held on September 28, 2007. *See* Docket No. 67. Testimony was presented by Task Force Agent Michael Aguon, and Heidi Wojno, a chemist at the Special Testing and Research Laboratory of the Drug Enforcement Administration ("DEA").

## II. DISCUSSION

### A. Actual innocence

This matter is now before the court to determine whether Petitioner has established "actual innocence" of conspiracy to import heroin under 21 U.S.C. § 952(a), as this offense is defined post-*Cabaccang* (which held that mere travel over international waters was insufficient to prove importation and proof that the drugs came from a county other than the United States). *See Cabaccang*, 341 F.3d 905. A hearing was conducted to determine whether there was sufficient evidence that the heroin was brought in from another country (Mexico).

Petitioner bears the burden of proving that he was "actually innocent" of the offense. *See Bousley*, 523 U.S. at 622 ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate 'cause' and 'actual prejudice,' or that he is 'actually innocent.'") (citations omitted). Under the "actual innocence" exception, adopted by the Supreme Court, a federal court is required to entertain a successive petition for habeas relief "only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). The Court further explained this standard:

> a prisoner does not make a colorable showing of innocence "by showing that he might not, or even would not, have been convicted in the absence of evidence claimed to have been unconstitutionally obtained." Rather, the prisoner must "show a fair probability that, in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial, the trier of the facts would have entertained a reasonable doubt of his guilt." Thus, the question whether the prisoner can make the requisite showing must be determined by reference to *all* probative evidence of guilt or innocence.

*Id.* at 454, n.17 (quoting Friendly, *Is Innocence Irrelevant? Collateral Attack on Criminal Judgments*, 38 U.Chi.L.Rev. 142, 160 (1970)). *See also Sawyer v. Whitley*, 505 U.S. 333, 339, n.5, (1992) (reiterating the Supreme Court's adoption of the actual innocence standard).

At the evidentiary hearing, Petitioner contended that he had satisfied this standard, primarily arguing that the Government lacked evidence that the heroin was from Mexico. He challenged Ms. Wojno's expert testimony, arguing that she testified only that there was a high probability that the heroin was from Mexico, and not that the heroin was conclusively from Mexico. He points out that according to Ms. Wojno's testimony, she could not rule out that the heroin had been produced in the United States. Furthermore, Petitioner challenged the guilty plea he had entered, asserting that, if limited to the evidence before the plea agreement, one could not conclude that "and elsewhere" in the charging document meant Mexico. Petitioner asserted that he did not know the Government needed to prove that the drugs came from outside the United States, and thus, his guilty plea was not made knowingly and intelligently.

Petitioner's burden, however, is to demonstrate that "in light of all the evidence, . . . the trier of the facts would have entertained a reasonable doubt of his guilt." *Bousley*, 523 U.S. at 624. Petitioner seems to argue that there would be reasonable doubt because the Government has not shown that the heroin was from Mexico. He also insisted at the hearing that the court could consider evidence known before entry of the plea agreement. The *Bousley* standard clearly states, however, that the court must consider "all the evidence." *See id.* Significantly, the Supreme Court held that in rebutting a petitioner's claim of actual innocence, the Government is not limited to the existing record. "Rather, on remand, the Government should be permitted to present any admissible evidence of petitioner's guilt *even if that evidence was not presented during petitioner's plea colloquy* . . . ." *Id.* at 624 (emphasis added).

After the change of plea hearing, certain evidence came to light through presentence investigation reports. These reports reveal that:

> 1. Petitioner is a Mexican citizen and his residence is listed as Independencia, Mexico. *See* Judgment, Docket No. 29. In 1979, he was smuggled into the United States, from Tijuana to California. He returned to Mexico in 1982, purportedly to enlist in the Mexican army as part of his mandatory military obligation. He completed his service and illegally entered the United States in 1990. *See* Amended Presentencing Investigation Report ("Amended PSR"), p. 10.

2. In 1991, Petitioner was granted amnesty and was issued an alien resident card, which allowed him to travel between the United States and Mexico. *See* Sentencing Transcript at p. 18, Docket No. 36; Amended PSR, p. 10.

3. Petitioner was permitted to return to California in 1999 under DEA supervision. Subsequently, this court granted the Government's motion to revoke his release, and issued a no-bail warrant Petitioner's arrest. *See* Amended PSR, p. 5.

4. On October 28, 2002, Petitioner was arrested on the outstanding warrant in Calexico, California by the Calexico Police Department. *See* Docket No. 18; Amended PSR, p. 5. According to the Government's information, the largest percentage of heroin smuggled from Mexico into California come through three major points of entry one of which is Mexicali, Mexico via Calexico, California. *See* Docket 19; Docket 39, Ex. E at 6.

5. Petitioner lived in Riverside, California. *See* Amended PSR, p. 12. Petitioner's co-conspirator Larry Reyes (who pleaded guilty to importation in a related case), told police that he sold heroin for "Isidro Rosas," a Mexican with a mailing address in Riverside, California. *See* Docket No. 39 at p. 2, and Ex. C.

This evidence must be considered with the evidence adduced at the evidentiary hearing held on remand. Agent Aguon testified at the hearing that Petitioner's explanation as to the source of heroin: Petitioner would get the black tar heroin from dealers in California if they had it, and then to Mexico if California dealers did not have any. Furthermore, Ms. Wojno submitted expert testimony that, to her knowledge, black tar heroin is commonly produced in Mexico. She testified that in her work at the DEA lab, there has never been any evidence of black tar heroin being produced in the United States.

Petitioner emphasized that despite the Government's assertion and Ms. Wojno's testimony that black tar heroin is almost exclusively produced in Mexico, Ms. Wojno herself admitted that she could not rule out that heroin was manufactured in the United States. Reasonable doubt, however, does not require proof beyond all possible doubt. *See United States v. Ruiz*, 462 F.3d 1082, 1087 (9th Cir. 2006). The Government's burden is to prove beyond a reasonable doubt, not to remove all possible doubt.

Considering all the probative evidence, the court finds that Petitioner has not made "a colorable showing of factual innocence." *Kuhlmann*, 477 U.S. at 454. Furthermore, the court finds that the Government has shown a fair probability that a trier of fact would not "have entertained a reasonable doubt" that the heroin originated in Mexico, and that Petitioner is guilty of importation. *Bousley*, 523 U.S. at 624. Accordingly, Petitioner's motion to vacate his sentence

pursuant to 28 U.S.C. § 2255 is hereby **DENIED**, and his sentence stands.

B.   **Effect of Ninth Circuit decision in *Jacobo Castillo***

The Ninth Circuit additionally required this court to decide whether Petitioner may challenge his conviction, in light of *United States v. Jacobo Castillo*, 464 F.3d 988 (9th Cir. 2006).[2] The defendant in *Jacobo Castillo* entered an unconditional guilty plea and later appealed from his conviction, but the Government did not argue a lack of appellate jurisdiction. A divided Ninth Circuit panel dismissed the appeal, holding: "We hold that the jurisdictional defect is not waivable and a defendant's failure to preserve his appellate rights by entering a conditional plea . . . deprives us of the authority to consider the merits of a claim." *Id.* at 989.

On rehearing, the en banc Ninth Circuit reversed, holding "that a valid guilty plea does not deprive the court of jurisdiction." *United States v. Jacobo Castillo*, 496 F.3d. 947, 949 (9th Cir. 2007) (en banc). "Regardless of whether a defendant enters into a conditional plea or an unconditional plea, we retain jurisdiction to hear the appeal." *Id.* at 957.

The instant case is factually similar to *Jacobo Castillo*,[3] and in light of the Ninth Circuit's holding, it appears that the plea agreement entered into by Petitioner does not preclude him from filing an appeal. This court, however, makes no finding whether there is any basis for appeal.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
      **Chief Judge**
**Dated: Jul 09, 2008**

---

[2]  At the time Petitioner's case was argued before the Ninth Circuit, rehearing en banc in *Jacobo Castillo* had been granted, but the decision had not been issued. The Ninth Circuit instructed that "[a]fter the mandate in *Castillo* issues, the district court should also decide whether [Petitioner] may challenge his conviction." *See* Docket No. 61.

[3]  Petitioner waived the right to appeal the conviction. *See* Plea Agreement, ¶ 8, Docket No. 9. Moreover, the Government did not argue that he lacked jurisdiction based on the plea agreement. *See* Docket No. 39.