THE VANDEVELD LAW OFFICES, P.C.
*Mr. Curtis C. Van de veld, Esq.*
Attorney and Legal Counselor
Historic House, Second Floor
123 Hernan Cortes Avenue
Hagåtña, Guam 96910
Office: (671) 488-0888
Facsimile: (671) 472-2561

*Attorney for Defendant:*
    ISARAEL DUARTE-ROSAS

**FILED**
DISTRICT COURT OF GUAM

JUL 2 2 2008

**JEANNE G. QUINATA**
**Clerk of Court**

## IN THE DISTRICT COURT OF GUAM

## UNITED STATES OF AMERICA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ISARAEL DUARTE-ROSAS,<br><br>Defendant. | Civil Case No. CIV04-00021<br>Criminal Case No. CR98-00219<br><br>**DEFENDANT'S MOTION FOR RECONSIDERATION OF DECISION ON PETITIONER'S 28 USC §2255 MOTION with MEMORANDUM OF POINTS AND AUTHORITIES** |

### * * * MOTION TO DISMISS WITH PREJUDICE * * *

COMES NOW the Defendant ISARAEL DUARTE-ROSAS (hereinafter referred to as "Defendant"), by, through and with Defendant's court appointed counsel of record, THE VANDEVELD LAW OFFICES, P.C., by Mr. Curtis C. Van de veld, Esq., to move the court to reconsider the decision and order of the court

UNITED STATES OF AMERICA v. ISARAEL DUARTE-ROSAS, Defendant
Civil Case No. CIV04-00021; Criminal Case No. CR98-00219     **Page 1**
MOTION FOR RECONSIDERATION . . .

Case 1:98-cr-00219    Document 73    Filed 07/22/2008    Page 1 of 6

issued on July 9, 2008 for the reasons more fully set forth hereinafter in the memorandum of points and authorities that follows this motion.

### * * * MEMORANDUM OF POINTS AND AUTHORITIES * * *

**1. Basis for reconsideration.**

This motion for reconsideration is made pursuant to FRCP Rules 59 as the decision of the court is manifestly unjust for the reasons set forth hereinafter and the failure to raise the matters asserted herein, if any, is a matter of excusable neglect and 60(b)(1)and (6).

**STATEMENT OF RELEVANT FACTS**

Defendant accepts the facts and background of the case as described in the Order in the portion thereof under the heading "Background" subject to the additional following facts.

1. The Defendant's Plea Agreement, accepted by the court provided that any information provided by Defendant in his cooperation would not be used against him. See, Plea Agreement District Court sequence number 8-1, filed on 09-24-98, paragraphs 2, and 7(b).

2. There clearly was not any meeting of the minds as to the court's construction of the words "and elsewhere" as used in the Plea Agreement and at time of the making of the guilty plea.

UNITED STATES OF AMERICA v. ISARAEL DUARTE-ROSAS, Defendant
Civil Case No. CIV04-00021; Criminal Case No. CR98-00219     **Page 2**
MOTION FOR RECONSIDERATION . . .

Case 1:98-cr-00219    Document 73    Filed 07/22/2008    Page 2 of 6

3. The court in fashioning its decision relied on facts outside those presented by the parties, derived from the Presentence Report and without an opportunity for Defendant to present countervailing facts, and argument.

4. The court wholly ignored the facts that the parties agreed upon set forth in the response to the original motion at Exhibit D, page 2 thereof and recited by Defendant in his reply at page 2, thereof, the facts being, "5. Duarte knows of several drug dealers however they are all in California and he is unable to make any deals with them while in Guam because most of the individuals that he has knowledge of and is able to make contact with for drug deals. He is unable to makes (sic) contact with them by paging them first and when they call him back that is when he is able to negotiate a deal."

**ARGUMENT**

1. THE COURT RELIED ON FIVE FACTS THAT CAME TO LIGHT AFTER THE ENTRY OF THE DEFENDANT'S PLEA, THE CONSIDERATION OF WHICH VIOLATES THE DEFENDANT'S PLEA AGREEMENT AND RIGHT TO DUE PROCESS TO RESPOND TO THESE FACTS NOT RAISED BY EITHER PARTY AT THE EVIDENTIARY HEARING.

///

///

UNITED STATES OF AMERICA v. ISARAEL DUARTE-ROSAS, Defendant
Civil Case No. CIV04-00021; Criminal Case No. CR98-00219     **Page 3**
MOTION FOR RECONSIDERATION . . .

Case 1:98-cr-00219    Document 73    Filed 07/22/2008    Page 3 of 6

Defendant contends that the Plea Agreement provides Defendant protection that anything Defendant provided to law enforcement authorities after entry of Defendant's plea pursuant to the agreement would not be used against Defendant. The court's construction that it is free to consider facts not known to the government before the taking of the plea violates Defendant's Plea Agreement and is manifestly unjust. The court, like the government, is bound to the Plea Agreement. U.S. v. Barron, 172 F.3d 1153 (9th Cir. 1998).

The court further ignores the facts undisputed between the parties that Defendant only knew drug dealers in California to reach its decision. The court assumes five facts from the Presentence Report that have no bearing on the issue of the source of the Heroin to the Defendant. The facts raised by the court were not raised by either party in either their pleadings or at the time of the evidentiary hearing. Defendant was not provided an opportunity to address those facts or object to the relevancy of the facts as the court appears to have sua sponte searched the records to find support for the decision after the parties were last heard. The fundamental fairness of due process is the right to be heard at a meaningful time and in a meaningful manner. Matthews v. Eldridge, 424 U.S. 319 (1976). Without an opportunity to address the matters sua sponte considered by the court Defendant has been denied due process.

UNITED STATES OF AMERICA v. ISARAEL DUARTE-ROSAS, Defendant
Civil Case No. CIV04-00021; Criminal Case No. CR98-00219    **Page 4**
MOTION FOR RECONSIDERATION . . .

Case 1:98-cr-00219    Document 73    Filed 07/22/2008    Page 4 of 6

A matter further absolutely clear from the record is that Defendant did not know what the terms "and elsewhere" meant in entering his plea to the court. The facts provided only relate to the source of the poppies from which the Heroin was manufactured, but nothing was provided that the Defendant knew the matters about the source of the poppies or had involvement in brining it or its byproduct – Heroin into the United States. The only evidence is that Defendant had involvement with persons in California.

Without showing that Defendant knew that the Heroin originated from Mexico or was involved in its transportation, the court's decision is manifest error and contrary to the weight of the evidence produced by the parties, i.e., that Defendant only knew drug dealers in California.

**CONCLUSION**

The court should reconsider the earlier decision in light of the arguments raised herein and dismiss and vacate Defendant's conviction.

DATED: Tuesday, July 22, 2008.

THE VANDEVELD LAW OFFICES, P.C.

_____
Mr. Curtis C. Van de veld, Esq.
Attorney for Defendant
**ISARAEL DUARTE-ROSAS**

UNITED STATES OF AMERICA v. ISARAEL DUARTE-ROSAS, Defendant
Civil Case No. CIV04-00021; Criminal Case No. CR98-00219  **Page 5**
MOTION FOR RECONSIDERATION . . .

Case 1:98-cr-00219   Document 73   Filed 07/22/2008   Page 5 of 6

# CERTIFICATE OF SERVICE

I, Curtis C. Van de veld, Esq., hereby certify that I caused a copy of the foregoing document here filed, to be served on counsel for Plaintiff UNITED STATES OF AMERICA on November 20th, 2007 via hand delivery at the following address:

**Ms. Marivic P. David, Esq.**
Assistant U.S. Attorney
U.S. Attorney's Office
District Of Guam
Criminal Division
6th Floor, Sirena Plaza
108 Hernan Cortes Avenue
Hagåtña, Guam 96910

DATED: Tuesday, July 22, 2008.

THE VANDEVELD LAW OFFICES, P.C.

_____
Mr. Curtis C. Van de veld, Esq.
Attorney for Defendant
**ISARAEL DUARTE-ROSAS**

UNITED STATES OF AMERICA v. ISARAEL DUARTE-ROSAS, Defendant
Civil Case No. CIV04-00021; Criminal Case No. CR98-00219     **Page 6**
MOTION FOR RECONSIDERATION . . .

Case 1:98-cr-00219   Document 73   Filed 07/22/2008   Page 6 of 6