1
2
3
4
5
6

**DISTRICT COURT OF GUAM**

7

**TERRITORY OF GUAM**

8
9

UNITED STATES OF AMERICA,

Civil Case No. 04-00021
Criminal Case No. 98-00219

Plaintiff-Respondent,

10
11

vs.

**ORDER RE: MOTION FOR RECONSIDERATION**

12

ISARAEL DUARTE-ROSAS,

13

Defendant-Petitioner.

14
15         This matter is before the court on a Motion for Reconsideration of Decision on

16   Petitioner's 28 USC §2255 Motion filed by Defendant-Petitioner Isarael Duarte-Rosas.

17   Pursuant to Local Civil Rule 7.1(e)(3), this matter is appropriate for decision without the need

18   for oral argument.[1]  After reviewing the parties' submissions, as well as relevant caselaw and

19   authority, the court hereby **DENIES** the motion and issues the following decision.

20   **I.      BACKGROUND[2]**

21         On September 25, 1998, Petitioner Isarael Duarte-Rosas ("Petitioner") pled guilty to

22   one count of Conspiracy to Import Heroin, in violation of 21 U.S.C. §§ 952(a) and § 963.  *See*

23   Transcript, Docket No. 13.  On May 8, 2003, the court sentenced Petitioner to ninety-seven

24   _____

25         [1] Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument,
     such oral argument may be taken off calendar by Order of the Court, in the discretion of the
26   Court, and a decision rendered on the basis of the written materials on file."

27         [2] The factual and procedural background of this case have been set forth in this court's
28   July 9, 2008 Order, and need not be reiterated at length here.

(97) months imprisonment. *See* Docket No. 29. The judgment of conviction was entered on the docket on May 14, 2003. *See* Docket No. 30. Petitioner did not file a notice of appeal within ten (10) days after entry of judgment, and his conviction became final on May 24, 2003.[3] *See* FED R. APP. P. 4(b); *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2000) (holding a conviction is final if a notice of appeal is not filed within ten days).

On April 13, 2004, Petitioner, brought a motion pursuant to 28 U.S.C. § 2255 through his counsel, requesting that the court vacate his conviction and sentence in light of *United States v. Cabaccang*, 332 F. 3d 622 (9th Cir. 2003) (en banc). *See* Docket No. 32. On July 13, 2005, this court (Judge Carter) denied Petitioner's request without a hearing. *See* Order, Docket No. 43. Petitioner appealed this Order. *See* Docket Nos. 44 and 45. On appeal, the Ninth Circuit agreed that Petitioner failed to demonstrate cause and prejudice. *See* Mem., Docket No. 61. However, the Ninth Circuit further determined that the record was "inconclusive" as to whether Petitioner had proven actual innocence, and held that the court had erred in finding that Petitioner did not prove actual innocence. *Id.* p. 3, Docket No. 61. The matter was reversed and remanded to this court to hold an evidentiary hearing to afford Petitioner an opportunity to prove his "actual innocence." *Id.* The hearing was held on September 28, 2007. *See* Docket No. 67. The court subsequently denied Petitioner's motion to vacate. *See* Docket No. 6.

**II.    ANALYSIS**

Petitioner now seeks reconsideration of the court's order denying his motion to vacate.

**A. LOCAL CIVIL RULE 7.1(i)**

Under Local Civil Rule 7.1(i), a party may seek the reconsideration of a prior order. The rule states specifically:

> **Motion for Reconsideration**. A motion for reconsideration of the decision on any motion may be made only on the grounds of

---

[3] As part of the plea agreement, Petitioner "agree[d] to waive any right to appeal or to collaterally attack" the conviction. Plea Agreement, ¶ 8, Docket No. 9. However, he "reserve[d] the right to appeal the sentence actually imposed." *Id.*

Page 2 of 5

(1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,

(2) the emergence of new material facts or a change of law occurring after the time of such decision, or,

(3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

<u>No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.</u>

Local Civ. R. 7.1(i) (emphasis added).

Petitioner's motion does not state a basis for reconsideration under any of the foregoing grounds recognized under Local Rule 7.1. First, Petitioner has failed to demonstrate a material difference in fact or law from what had been presented to the court. Second, he does not show the emergence of new facts or a change in law since the court issued its order. Finally, he does not make a manifest showing that the court failed to consider material facts presented to it. Contrary to Petitioner's suggestion that the court has failed to consider material facts, this court did not summarily make a ruling without due accord given the matter. *See In re Agric. Research & Tech. Group,* 916 F.2d 528, 542 (9th Cir. 1990) ("Motions for reconsideration may properly be denied where the motion fails to state new law or facts"). Indeed, in ruling on the issue of Petitioner's actual innocence, the court considered the parties' filings, testimony from witnesses during the September 28, 2007 hearing, as well as information from the presentence investigation report. *See* Docket No. 71. Only after consideration of these material facts in accordance with the standard articulated by the United Supreme Court in *Bousley v. United States*, 523 U.S.614, 622 (1998), did this court conclude that Petitioner failed to make a colorable showing of factual innocence. *See* Docket No. 71. Accordingly, reconsideration is not proper under Local Rule 7.1.

**B. RULE 59(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Petitioner further cites Rule 59 of the Federal Rules of Civil Procedure. "[A] 'motion for reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within ten days of entry of judgment." *Am. Ironworks*

1 *& Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). A Rule 59(e)

2 motion is appropriate "if the district court: (1) is presented with newly discovered evidence, (2)

3 committed clear error or the initial decision was manifestly unjust, or (3) if there is an

4 intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*,

5 5 F.3d 1255, 1263 (9th Cir.1993).

6      Again, Petitioner does not argue there is newly discovered evidence or that there has

7 been an intervening change in law. Rather, he argues only that the court was "manifestly

8 unjust"because the court relied on certain facts from his presentence report that had came to

9 light after he had entered his guilty plea. This is the identical argument he raised in asserting

10 his actual innocence. Basically, Petitioner disagrees with the court's analysis under *Bousley v.*

11 *United States*, 523 U.S.614, 622 (1998). In *Bousley*, the United States Supreme Court held that

12 when arguing actual innocence, a petitioner has the burden to demonstrate that "*in light of all*

13 *the evidence*, . . . the trier of the facts would have entertained a reasonable doubt of his guilt."

14 *Bousley*, 523 U.S. at 624 (emphasis added).

15      Petitioner contends the court must revisit its decision because it was manifestly unjust

16 for the court to consider evidence from the presentence report. Contrary to Petitioner's

17 argument, the Supreme Court held that in rebutting a petitioner's claim of actual innocence, the

18 Government is not limited to the existing record, such as facts available *before* the Petitioner

19 entered his guilty plea. "Rather, on remand, the Government should be permitted to present

20 any admissible evidence of petitioner's guilt *even if that evidence was not presented during*

21 *petitioner's plea colloquy* . . . ." *Id.* (emphasis added). *Bousley* envisions that the remand

22 court would indeed consider the precise facts to which Petitioner now objects. *See United*

23 *States v. Jones*, 172 F.3d 381 (5th Cir. 1999) (interpreting *Bousley* as requiring a case be

24 remanded for the trial court to consider, in ruling on a petitioner's actual innocence, evidence

25 contained in a presentence report). Accordingly, reconsideration is not supported by Rule

26 59(e).

27      **C. RULE 60(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

28      Finally, Petitioner relies on Rule 60(b), which allows relief from judgment for the

Page 4 of 5

following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed.R.Civ.P. 60(b).

Petitioner specifically cites subsection (1), asserting that the failure to raise these arguments in his motion was due to "excusable neglect." Petitioner cannot rely on Rule 60(b)(1), however, because he did not fail to raise these arguments. Indeed, he makes the same arguments herein as when had asserted his actual innocence. Similarly, he cannot rely on subsection (6), as he offers no "other reason" justifying relief, only his disagreement with this court's analysis of *Bousley*. Reconsideration is not proper under Rule 60(b).

**III. CONCLUSION**

Petitioner offers no reason for this court to depart from the well-settled principle that motions to reconsider are appropriate only in rare circumstances. As one court has explained:

> The motion to reconsider would be appropriate where, for example, the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Urtuzuastegui v. United States*, No. Civ. 00-381 TUC ACM, 2001 WL 175940, *1 (D. Ariz. 2001) (unreported) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration should not be used to ask the court "to rethink what the court had already thought through – rightly or wrongly." *Above the Belt, Inc.,* 99 F.R.D. at 101.

Accordingly, this court does not find that Petitioner has made any kind of showing justifying this court to grant the relief he seeks. There is no basis for this court's reconsideration of the matter. The motion for reconsideration is hereby **DENIED.**

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
     **Chief Judge**
     **Dated: Dec 05, 2008**